Oaruthers, J.,
delivered the opinion of the Court.
-On .the 3d of January, 1856, Amos Williams, the testator, and Elizabeth Bell, the complainant, in contemplation of marriage, which was soon after consummated, entered into a marriage contract. It provided that all her property, of every kind, should be secured to her, and returned, if she should survive, without any account, however, for interest or hire. Then there is this stipulation: 2d, Said Williams agrees that, at the termination of his life, should she survive him, she shall have one-sixth part of all the personal property, or choses in action, which he may die possessed of, or entitled to, and no more, saving and reserving the right of dower.
*106 On the 23d of January, 1857, Williams made his Will, and died possessed of a large real and personal estate. He gives her all the property that come by her, and also a life estate in two slaves, and the home place. He makes no reference to the marriage contract. It will be seen that he omits to give her any part of his estate, except a life interest in the home place, and the two slaves.
He disposes of all his property among his children. She did not dissent from the Will, but, in the bill, claims, under it, the promises made for her; and, in addition thereto, the one-sixth of his personal estate, and dower in the realty, under the marriage contract. All this was allowed to her by the decree of the Chancellor, and the defendants, (consisting of the executor, and all of the legatees,) appealed.
There can be no doubt, without reference to the rejected testimony, as to his understanding and intention, that, at the time the Will was made, he considered the provision he was making for his wife, out of his own property, was to be in lieu of the one-sixth of his estate, and the dower secured to her in the marriage contract; or, rather, that he thought the provision made in the Will was all she could get, and that he was not barred by the contract. But, it is very clear, that he could not, by this Will, affect the binding force of the ante-nuptial settlement. That was beyond his reach, and could not be annulled. So, we think, the Chancellor very properly held, that the complainant was entitled to one-sixth of all the personal estate. That is secured to her in the contract, and she cannot be deprived of it, without her consent, by his Will, or otherwise. But *107 sbe is to have “no more.” He bad five children, and that properly suggested the proportion sbe should have. The object was to make her equal with his children— to secure her, in all events, the same the law would allow, in case he should die intestate. But this designation of the part she is to have of his personal estate, and the restrictive words employed, are not to preclude the legal right of dower in his real estate. That is saved and reserved to her. The Chancellor so construes that clause as to let her in for dower in the events which have transpired. We think that is erroneous. Her right of dower is not extended, but reserved, in the deed. But what is that right? It is to have a third, for life, of the land, in case of intestacy, or where there is a Will, and the provision made is unsatisfactory to the widow, and she dissents in proper time. Neither of these cases exist here, and consequently, she has no right of dower, according to the law, nor, as we think, by the contract. The marriage contract does not give her one-sixth of his personal estate, and one-third of his land, as dower; but it only saves to her “the right of dower,” that is, in case he died intestate, or with a Will not making satisfactory provision for her. The right given a widow by the law, in such cases, to claim dower, is reserved, not excluded by the words “ no more,” or the other provision made for her. But she cannot claim, under the Will, anything not given in it, nor can she claim any rights against it, without dissenting. She is, therefore, not entitled to dower by force of the contract, properly construed, nor by law, as there is no intestacy, or dissent from the Will.
The next, and most important question, is, whether *108 she can take the provision made for her in the Will, outside the settlement, viz : the two slaves and the home place for life, and outside of the Will, but under the deed, oue-sixth of his personal estate. The Chancellor thought she could, and so decided. We are of a different opinion, the Will disposes of the whole personal .estate to others; the sixth, to which she is entitled by the deed, as well as the other five-sixths. She claims one-sixth against the Will, and also, the bequests to her under it. Her one-sixth under the settlement, is disposed of by the Will, in which, other property to which she was not entitled by the deed, is given to her; if she takes the latter, she must surrender the' former, she cannot claim both, under and against the Will. It is a case for election: 2 Story Eq., 1075-76-77; Bou. Dic., 460. This she must make, and cannot have both. She is entitled to full information as to her rights before she exercises this privilege. She may now elect which she will take, or she may do so after an account. It will not be controverted, that the testator may have added, if he saw fit, to the provision made for her in the settlement. But, whether he so intended, is the question — we think, clearly, he did not. True, he added two slaves and house for life, but at the same time, gave to others the whole of his personalty, including her one-sixth. There can be no doubt as to his intention, that what he gave her in the Will of his own estate, was to be all she was to get out of that, to exclude her claim to one-sixth. This intention must be carried out, but she has the right to choose which she will take. If she had dissented, she would have got dower as well as the one-sixth of the personalty, as *109 well by tbe Statutes of distribution, as by the deed of settlement; but as she has not done so, she loses her claim to dower, and takes the provision made for her iu the Will, or the contract, or she may elect.
A decree will be entered with this modification, and the cause remanded.